IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HEIDY RIVERO** | * | |
| | * | |
| v. | * | **Civil No.  PWG 13-2392** |
| | * | |
| **UMBERTO'S ITALIAN** | * | |
| **RESTAURANT, INC., et al.** | * | |
| | * | |

## REPORT AND RECOMMENDATION

This case was referred to me pursuant to 28 U.S.C. § 636(b) and Local Rule 301.6 for review of Plaintiff's Motion for Judgment by Default as to Counts I and II of the Amended Complaint against Umberto's Italian Restaurant, Inc. (the Restaurant), Santos Arnulfo Medrano, Dionicia Medrano, Angel Medrano and Medbros Restaurant, Inc.  ECF No. 61.  Dionicia Medrano, Angel Medrano and Medbros Restaurant, Inc. have since responded to Counts I and II and thus no default has been entered against them with regard to the Amended Complaint.  *See* ECF No. 64.  An entry of default was, however, entered against Santos Medrano and the Restaurant on August 14, 2015.  ECF No. 75.  This Report and Recommendation thus addresses the pending motion only with regard to the liability of the Restaurant and Santos Medrano.  For the following reasons, I recommend that Plaintiff's motion be granted as to the two defaulting defendants, with a downward adjustment of her request for damages.[1]

**1.      Background.**

This case arises out of sexual harassment, sexual assault, and wage and hour violations alleged against Plaintiff's former employers.  The details of the case have been thoroughly discussed in previous court papers.  *See* ECF Nos. 29 and 34.  Of import here is Judge Grimm's

---

[1] The parties are hereby advised of the provisions of Section 636(b)(1) of Title 28 of the United States Code, which allows any party to file written objections to this Report and Recommendation within fourteen days after being served with a copy.  A judge will then conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made.

Memorandum Opinion issued on March 30, 2015, which entered judgment in Plaintiff's favor on Counts III (Battery), VIII (MWPCL), and X (MWPCL) of Plaintiff's initial complaint, awarding $328,230.75 in damages under Count III, $23,361.90 under Count VIII, and $391.50 under Count X. The Motion for Default Judgment was otherwise denied without prejudice to file an amended complaint to address certain deficiencies identified in that opinion. ECF No. 34 at 16. Specifically, with regard to Counts I (sexual harassment) and II (constructive discharge), Plaintiff's initial complaint had failed to allege that the Defendants had fifteen or more employees, such that they would qualify as "employers" under State Gov't § 20-601(d)(1)(i). ECF No. 34 at 9. Having been granted leave to amend her Complaint to allege that Defendants employed fifteen or more persons, Plaintiff did so on April 27, 2015. As noted, three Defendants have responded to the Amended Complaint, ECF No. 66, and thus are not in default at this time.

2. **Discussion.**

   a. **Liability.**

In determining whether to award default judgment, the court takes as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Where, as here, the Restaurant and Santos Medrano have not moved to set aside the default as provided by Federal Rule of Civil Procedure 55(c), or suggested in any way that they have a meritorious defense, the standard for default judgment has been satisfied. *Fanning v. Hotel Mgmt. Advisors-Troy, LLC*, 282 F.R.D. 280, 283 (D.D.C. 2012).

   i. **The Sexual Harassment Claim.**

Plaintiff has pled facts which establish liability under Count I as to the Restaurant and Santos Medrano in violation of Montgomery County Code (MCC) § 27-19(2), which states that an employer "must not because of . . . sex . . . fail or refuse to hire, fail to accept the services of,

discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment." This section is applicable because Maryland law authorizes a person who is subjected to a discriminatory act prohibited by the MCC to maintain a civil action for damages, injunctive relief, or other civil relief, and the MCC authorizes employees to pursue a civil action under Maryland law. State Gov't § 20-1202(b); MCC § 27-9; *see also Edgewood Management Corp. v. Jackson*, 212 Md. App. 177 (2013). Critically, Plaintiff's Amended Complaint now includes an allegation that "the restaurant employed at least 15 employees including Ms. Rivero," which satisfies the dictates of State Gov't § 20-601(d)(1)(i). Plaintiff's claim under Count I can thus move forward.

To establish a claim for sexual harassment under the hostile environment provision in Maryland, the plaintiff must prove the following four elements:

> (1) the subject conduct was unwelcome; (2) it was based on the sex of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer.

*Magee v. Dansources Tech. Servs.*, 137 Md. App. 527, 550 (2001). The facts applicable to this claim were discussed in detail in this court's January 23, 2015 Report and Recommendation, *see* ECF No. 29 at 5-8. To summarize, Santos Medrano treated Plaintiff differently than other employees at the Restaurant. He repeatedly touched her buttocks and made comments about her appearance. On the last day of her employment, he called Plaintiff into the back of the restaurant, where he grabbed her arms and pulled her to him, but she eventually managed to push away. Later, when she went to the back of the restaurant to obtain bread for a customer, Medrano approached her from behind, embraced her, grabbed her breasts, and tried to kiss her. Plaintiff responded "Why are you doing this? . . . I do not like this." He then returned to the kitchen, and Plaintiff worked until the restaurant closed. Thinking that he had left, she turned off

3

the lights and returned to the back to get her keys, where he grabbed her in the dark, held her by the arms and pushed her against the wall. She asked him to let her go. He continued to kiss her neck and face, touched her breasts, unzipped her pants, held her legs and penetrated her several times with his fingers, telling her that she should let him touch her and do what he wanted. Finally she was able to push him away, but he followed her to her car, shouting at her. As she drove away, he called her twice and sent her messages. Plaintiff drove directly to the police station and reported the incident. When she returned home, she realized that she was bleeding and went to the hospital the next day. She had bruises on her back, lips, and breasts.

There is no question that Santos Medrano's conduct was unwelcome, as Plaintiff repeatedly expressed that she did not like his advances. The evidence also establishes that the conduct was based on Plaintiff's sex, an element which is satisfied when "members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Ocheltree v. Scollon Prods.*, 335 F.3d 325, 331 (4th Cir. 2003). As for the third element, by any objective and reasonable standard, the allegations here are sufficiently severe to create an abusive work environment. *See*, *e.g.*, *Beardsley v. Webb*, 30 F.3d 524, 528 (4th Cir. 1994), where the Court found a hostile work environment when, over six months, a supervisor massaged an employee's shoulders, stated he wanted to "make out" and "have his way" with her, falsely accused her of having an affair, and asked her about her underwear, birth control, and the bodily effects of taking maternity leave. The conduct in this case is more abusive than the conduct in *Beardsley*. Finally, the conduct is imputable to the Restaurant. "The test for imputability is . . . a negligence standard, with liability attaching only if the employer knew or should have known about the harassment and failed to take effective action to stop it." *Takacs v. Fiore*, 473 F. Supp. 2d 647, 657 (D. Md. 2007) (citation omitted).

Here, Santos Medrano was both the harasser and the owner of the restaurant, ECF No. 61-2 at 2; as the harasser, he knew about the harassment and, as the owner, he failed to take effective action to stop it. Plaintiff has successfully advanced a sexual harassment claim under MCC § 27-9 and judgment should be entered against the Restaurant and Santos Medrano under Count I of the Amended Complaint.

> ii. **The Constructive Discharge Claim.**

A constructive discharge may form the basis for a wrongful discharge action, even though an employee may have technically resigned. "In order to prove constructive discharge, a plaintiff must prove that conditions were so intolerable that a reasonable person would have felt compelled to resign." *Green v. The Wills Group, Inc.*, 161 F. Supp. 2d 618, 626 (D. Md. 2001). Intolerable conditions are often associated with "egregious personal harassment." *Diamond v. T. Rowe Price Assoc., Inc.*, 852 F. Supp. 372, 398 (D. Md. 1994). That standard has been met here for the same reasons outlined in section (i). The offensive conduct here was so intolerable that any reasonable worker would feel compelled to leave the job. *Reed v. AirTran Airways*, 531 F. Supp. 2d 660, 667 (D. Md. 2008) ("[I]t is plausible that Reed legitimately feared for her safety if she returned to work, thus rendering her working conditions objectively intolerable."). Judgment should be entered against the Restaurant and Santos Medrano under Count II of the Amended Complaint.

  b. **Damages.**

If the court finds that liability is established, it should then determine appropriate damages. *Agora Fin. Inc. v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (citing *Ryan*, 253 F.3d at 780-81). The court must make an independent determination of damages. *Id.* Where the plaintiff submits with her motion for default judgment an affidavit and documentary evidence

5

which are sufficient to establish the amount that should be awarded, no hearing is necessary. Fed. Rule Civ. P. 55(b)(2); *General Ins. Co. v. O'Keefe*, 275 F. Supp. 107, 109 (D. Md. 1967). Instead, the court may rely on the affidavit and other evidence to determine the appropriate sum to award. *See Fanning*, 282 F.R.D. at 283 (quoting *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)); *see also United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Here, however, Plaintiff's documentary evidence is supplemented by evidence presented at a previous damages hearing.

Plaintiff seeks lost wages and compensatory damages under Counts I and II of her Amended Complaint. Plaintiff's evidence shows that, as a result of the trauma from the sexual assault, she suffered extreme symptoms of depression, had a difficult time leading a normal life, and consequently, was not able to work from March 30, 2010 to August 25, 2010, or approximately 21 weeks. ECF No. 61-1 at ¶ 40, 43-50; ECF No. 61-13 at ¶ 14. Plaintiff usually worked 11 hours per day and 6 days per week, which amounts to 26 hours of overtime per week. At $7.25 per hour for the first 40 hours of work and $10.875 per hour for her overtime hours, her total earnings per week should have been $572.75. But for the sexual assault, Plaintiff would have earned $12,027.75 during the 21 weeks she was unable to work.

When Plaintiff was able to return to work, she found a job at Nick's Diner working four days per week from August 26, 2010 to October 2, 2013, but she earned less than she did at the Restaurant. ECF No. 61-13 at ¶ 17. She worked Wednesday through Friday, plus every other Saturday and every other Sunday. During the week she earned $80 in tips, on Saturdays she earned $120 in tips, and on Sundays she earned $100 in tips. In addition to her tips, she earned $100 per week in wages. On average, she earned $450 per week, which is $122.75 less per week than she earned at the Restaurant. *Id.* at ¶¶ 25-26. Thus, from August 26, 2010 to March 10,

2013, she lost $16,203.00 in earnings. Adding $16,203.00 to $12,027.75, Plaintiff is entitled to receive $28,230.75 in total lost wages from the Restaurant and Santos Medrano, jointly and severally.

Plaintiff also seeks $500,000 in compensatory damages under Counts I and II for her emotional distress, depression, fatigue, sleep loss, anhedonia, and extreme difficulty managing her role as a single mother. ECF No. 61 at 26. The court, however, has determined that Plaintiff is entitled to compensatory damages in the amount of $300,000 for the physical and emotional distress she suffered at Defendant Medrano's hands. ECF No. 34 at 13. As stated by Judge Grimm, Plaintiff may not recover damages twice for one injury, even if she asserts multiple, consistent theories of recovery. *See Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333 (1980) ("It . . . goes without saying that the courts can and should preclude double recovery by an individual."). Here, Counts I and II of the Amended Complaint, while pleading different theories of liability—sexual harassment and constructive discharge, seek recovery for the same injury to Plaintiff for which damages on the battery count were previously awarded; i.e., the physical and emotional harm she suffered. Judge Grimm concluded that "judgment in Ms. Rivero's favor on her battery claim provides complete relief for her physical and emotional injuries, and granting additional damages for the emotional harm under [a different theory] would allow her duplicative recovery for that harm." ECF No. 34 at 11. Plaintiff's claim for an additional $500,000 in compensatory damages thus should be denied.

**2. Conclusion.**

Plaintiff's motion for default damages on Counts I and II of the amended complaint should be

(1) DENIED as to the defendants who are not in default: Dionicia Medrano, Angel Medrano, and Medbros Restaurant, Inc.; and

(2) GRANTED as to defendants Santos Medrano and Umberto's Italian Restaurant, Inc., as to Counts I and II of the amended complaint.

(3) Damages in the amount of $28,230.75 in lost wages and $300,000 in compensatory damages, for a total of $328,230.75, should be awarded, jointly and severally, against Defendants Santos Medrano and Umberto's Italian Restaurant, Inc.

Date: September 23, 2015                                         /S/
                                                        JILLYN K. SCHULZE
                                                        United States Magistrate Judge