**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **HEIDY RIVERO,** | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-13-2392 |
| **DIONICIA MEDRANO et al.,** | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Heidy Rivero has brought claims against Defendants alleging sexual harassment in the workplace and constructive discharge stemming from the sexual assault that she endured by Santos Medrano.[1] Plaintiff formerly received a default judgment with respect to certain of her claims. Before me now is a motion to dismiss filed by the remaining Defendants with respect to the two remaining claims of sexual harassment and constructive discharge. Defs.' Mot., ECF No. 66. Because I find that Rivero has met her pleading burden in showing that the restaurant at which she worked employed fifteen or more employees but find that Defendants Dionicia Medrano and Angel Medrano are not personally liable as defendants, I will GRANT IN PART Defendants' motion to dismiss with respect to Defendants Dionicia and Angel but DENY IN PART Defendants' motion with respect to Defendant Medbros Restaurant, Inc. ("Medbros").

**I. BACKGROUND**

   **A. Factual Background**

---

[1] Because many of the parties in this action share the same last name, I will refer to individuals where appropriate by their first name.

The factual background relevant to deciding this motion is straightforward. The parties do not dispute that Rivero was a waitress at Umberto's Restaurant, Inc., ("Umberto's"), Am. Compl. ¶ 44, ECF No. 37, "[a] Maryland corporation that does or did conduct business in Montgomery County," *id.* ¶ 10. At that time, Santos was the owner of Umberto's and was Rivero's supervisor during the time she worked at Umberto's. *Id.* ¶ 40. Rivero alleges, and Defendants do not contest, that Santos made a number of inappropriate sexual remarks to Rivero about her and her daughter during her employment at Umberto's. *See, e.g.*, *id.* ¶ 60. On March 29, 2010, Santos sent the other employees of Umberto's home and sexually assaulted Rivero. *Id.* ¶¶ 71–123. Santos "pled guilty to a fourth degree sexual offense" on September 7, 2010. *Id.* ¶ 142.

Medbros "is a Maryland corporation that does or did conduct business in Montgomery County." *Id.* ¶ 11. Angel is Santos's brother and the owner of Medbros, which Plaintiff alleges "assumed ownership and operation" of Umberto's on or about January 1, 2011. *See id.* ¶¶ 195–97. Dionicia is Santos's estranged wife, who is currently in the process of divorcing Santos. Defs.' Mot. 2.

### B. Procedural Background

Rivero has already secured a default judgement against Santos, Umberto's, and current Defendants with respect to her wage claims alleged in her original complaint. *See Rivero v. Umberto's Italian Rest., Inc.*, No. PWG-13-2392, 2015 WL 317172 (D. Md. signed Jan. 23, 2015) ("*Rivero I* Report and Recommendation"); *Rivero I* Order, ECF No. 34. Rivero was permitted to amend her complaint in order to allege facts sufficient to support her claims in

Count I, sexual harassment, and Count II, constructive discharge, *see Rivero I* Order, which she did, *see* Am. Compl.

Rivero also secured a default judgment against Santos and Umberto's with respect to her sexual harassment and constructive discharge claims. *See Rivero v. Umberto's Italian Rest., Inc.*, No. PWG-13-2392, 2015 WL 5667177 (D. Md. signed Sept. 23, 2015) ("*Rivero II* Report and Recommendation"); *Rivero II* Order, ECF No. 78.

The remaining Defendants, Dionicia, Angel, and Medbros, have filed a motion to dismiss for failure to state a claim, Defs.' Mot, and Rivero has opposed, Opp'n, ECF No. 71. Defendant has also filed a reply. Reply, ECF No. 74. A hearing is unnecessary in this case. *See* Loc. R. 105.6.

## II. DISCUSSION

### A. Standard

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. I must accept the facts as alleged in Plaintiff's complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). If the documents that the Court considers exceeds this scope, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620, 623 (D. Md. 2013).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of*

*Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

### B. Definition of Employer for Purposes of Plaintiff's Claims

Defendants do not argue that Santos's abhorrent actions fail to support Rivero's sexual harassment and constructive discharge claims. Rather, Defendants argue that Rivero's case must be dismissed with respect to Count I, sexual harassment, and Count II, constructive discharge, because Maryland law does not support a cause of action for these claims unless Defendants are employers under Md. Code Ann., State Gov't § 20-601(d)(1) (West 2016). *See* Defs.' Mot 4–5.

Plaintiff brings her claims of sexual harassment and constructive discharge pursuant to Montgomery County Code § 27-19, which states that "[a] person must not because of the . . . sex . . . fail or refuse to hire, fail to accept the services of, discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment." "Maryland law authorizes a person who is subjected to a discriminatory act prohibited by the [Montgomery County Code] to maintain a civil action for damages, injunctive relief, or other civil relief" and "authorizes employees to pursue a civil action under Maryland law." *Rivero II* Report and Recommendation, 2015 WL 5667177, at *1 (citing Md. Code Ann., State Gov't § 20-1202(b)).

Sexual harassment and related claims brought against employers must satisfy the requirements in § 20-601(d)(1).  *See Adams v. Morris*, 706 F. Supp. 2d 632, 637 (D. Md. 2010). § 20-601(d)(1) provides that an employer must have "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."  In Rivero's original complaint, she did not allege that any Defendants had 15 or more employees and therefore her motion for default judgment was denied with respect to Counts I and II.  *See Rivero I* Report and Recommendation, 2015 WL 317172, at *2.  Rivero has corrected this deficiency in her amended complaint, *see* Am. Compl. ¶¶ 206 & 212, and a default judgement was entered against Defendants Santos and Umberto's with respect to Counts I and II, *see Rivero II* Order.

Defendants argue that Rivero has failed to meet her burden in alleging facts sufficient to satisfy the fifteen employee requirement because she has attached W-2 forms for only fourteen individuals for Umberto's in 2010, one of which is for only $84.00.  Defs.' Mot. 5.  Rivero responds that the W-2s are sufficient to demonstrate that Umberto's had fifteen employees because she, who undisputedly was an employee of Umberto's, did not have a W-2.  Opp'n 13. Further, Rivero states "[r]eliance upon the amount of wages that appear on Defendants' W-2s is misplaced" due to discrepancies between the salaries in Umberto's W-2s and Umberto's Form 1120S.  *Compare* Form W-2s, Am. Compl., Ex. 1, ECF No. 37-1, *with* Umberto's Business Records 19, Defs.' Mot., Ex. 1, ECF No. 66-1.

Rivero has presented sufficient evidence that Umberto's had at least fifteen employees in 2010 (as required by § 20-601(d)(1)), which is enough to withstand Defendant's motion to dismiss.  Therefore, Rivero is not barred from pursuing her claims in Counts I and II by the requirement that Umberto's have at least fifteen employees.

If I were to look outside the pleadings and treat Defendants' motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), I also would deny Defendants' motion. Discovery has not yet occurred in this case. There is a genuine dispute with respect to the material fact of whether Umberto's satisfied the definition of employer under § 20-601(d)(1) by having fifteen or more employees. Therefore, summary judgment in Defendants' favor is not appropriate at this time. *See* Fed. R. Civ. P. 56(a).[2]

### C. Liability of Defendants Dionicia, Angel, and Medbros

Defendants move to dismiss the claims against Medbros, Dionicia, and Angel, arguing that Rivero has alleged no facts supporting liability on the part of any Defendants and that Dionicia and Angel cannot be held personally liable. Defs.' Mot. 5–6.

As an initial matter, Defendants provide no legal support for their argument that the claims against Medbros should be dismissed and entirely fail to respond to Rivero's successor-in-interest liability argument raised in her opposition. *See* Opp'n 11–12; Reply 2–3. As a result, Defendants' motion to dismiss with respect to Defendant Medbros is denied.

Rivero alleges no specific actions taken by Dionicia or Angel that could have given rise to her claims of sexual harassment and constructive discharge. Instead, Rivero's allegations of liability seem to originate from Dionicia's alleged ownership of Umberto's and Angel's undisputed ownership of Medbros. *See* Opp'n 8–14.

---

[2]   Because I find that Rivero has provided sufficient basis to support her claim that Umberto's meets the fifteen employee requirement under § 20-601(d)(1), I decline to revisit the issue, previously discussed in *Rivero I* Report and Recommendation and *Rivero I* Order, of whether Rivero could pursue her claims against Defendants under Montgomery County Code § 27-6, which defines an employer as "any person who employs one or more individuals in the County." *See* Opp'n 14; *Rivero I* Report and Recommendation, 2015 WL 317172, at *2; *Rivero I* Order 6–9.

7

Rivero argues that that Dionicia co-owned and managed Umberto's and was Rivero's employer. Opp'n 8–9. Therefore, as Rivero's employer, Dionicia is liable under Montgomery County Code §§ 27-6 and 27-19(a)(1)(A). *See* Opp'n 12. As a result, Rivero argues that Dionicia may be held personally liable. Throughout her amended complaint, Rivero asserts that she worked at Umberto's. *See, e.g.*, Am. Compl. ¶¶ 3 & 24. In fact, her work at Umberto's with Umberto's as her employer forms the foundation of her argument, accepted by this Court for the purposes of this motion to dismiss, that Umberto's had at least fifteen employees. *See id.*; Opp'n 13–15. Rivero offers no evidence that Dionicia was her employer separate and apart from Umberto's or that any such employer-employee relationship could serve as a basis for her sexual harassment and constructive discharge claims.

Instead, Rivero appears to be attempting to skirt the protections afforded by Maryland corporate law to a corporation's shareholders. "Under Maryland law, the 'general rule is that shareholders are not held liable for debts or obligations of the corporation . . . .'" *Paccar Inc. v. Elliot Wilson Capitol Trucks LLC*, 905 F. Supp. 2d 675, 680 (D. Md. 2012) (quoting *Damazo v. Wahby*, 270 A.2d 814, 817 (Md. 1970)). Plaintiffs seeking to hold individual shareholders liable may do so under a corporate veil piercing theory or under a participation theory: "Under the corporate veil theory, the individual is liable because the corporation is not a bona fide independent entity: the acts are therefore truly the individuals. In contrast, under the participation theory, liability attaches 'where the record establishes the individual's participation in the tortious activity.'" *Id.* at 681 (internal citations omitted) (citing and quoting Mark Cohen and Sierra K. Swearingen, *Cause of Action to Establish Liability of Corporate Director or Officer for Corporation's Wrongful Conduct*, 36 Causes of Action 2d 441 (originally published in 2008)).

*1. Corporate Veil Piercing Theory*

"Maryland is more restrictive than other jurisdictions in allowing a plaintiff to pierce a corporation's veil . . . ." *Antonio v. Sec. Svcs. of Am., LLC*, 701 F. Supp. 2d 749, 759 (D. Md. 2010) (quoting *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 728 A.2d 783, 790–91 (Md. Ct. Spec. App. 1999)). "Under Maryland law, the protection afforded to a corporate entity will only be disregarded when it is 'necessary to prevent fraud or to enforce a paramount equity.'" *Id.* (quoting *Dixon v. Process Corp.*, 382 A.2d 893, 899 (Md. Ct. Spec. App. 1978)). However, Maryland courts have been reluctant to pierce the corporate veil due to a need to enforce a paramount equity as "arguments that have urged a piercing of the veil 'for reasons other than fraud' have failed in Maryland courts." *Residential Warranty*, 728 A.2d at 789 (quoting *Travel Comm., Inc. v. Pan Am. World Airways, Inc.*, 603 A.2d 1301, 1317 (Md. Ct. Spec. App. 1992)).

> Enforcement of a paramount equity is appropriate
>
> when substantial ownership of all the stock of a corporation in a single individual is combined with other factors clearly supporting disregard of the corporate fiction on grounds of fundamental equity and fairness, courts have experienced 'little difficulty' and have shown no hesitancy in applying what is described as the 'alter ego' or 'instrumentality' theory in order to cast aside the corporate shield and to fasten liability on the individual stockholder

*Id.* (quoting *Travel Comm.*, 603 A.2d at 1318). Factors include

> whether the corporation was grossly undercapitalized, the corporation's failure to observe corporate formalities, non-payment of dividends, the debtor corporation's insolvency, the dominant stockholder's siphoning of corporate funds, the nonfunctioning of other officers or directors, the absence of corporate records, and the corporation's status as a facade for the stockholders' operations.

*Travel Comm.*, 603 A.2d at 1318–19 (citation omitted).

Rivero has alleged no facts that either Dionicia or Angel engaged in fraud or that piercing the corporate veil is necessary to enforce a paramount equity. As a result, they cannot be held personally liable under the corporate veil piercing theory.

*2. Participation Theory*

"In general, a corporate officer or director cannot escape personal liability for torts in which he or she participated merely by claiming he or she acted as an agent of the corporation." *Paccar*, 905 F. Supp. 2d at 681. Maryland courts have recognized the participation theory that "under certain circumstances, an officer of a corporation may be held personally liable for torts of the corporation in which the officer was personally involved." *Id.* (quoting *Insurance Co. of N. Am. V. Miller*, 765 A.2d 587, 600 (Md. 2001)).

Rivero has alleged no facts that either Dionicia or Angel participated in the sexual assault committed by Santos that provides the basis of Rivero's sexual harassment and constructive discharge claims. As a result, they cannot be held personally liable under the participation theory.

For these reasons, Rivero's claims may only proceed against Medbros; her claims against Dionicia and Angel will be dismissed.

### III. CONCLUSION

I find that Rivero has demonstrated sufficient factual support that Umberto's had fifteen employees and met the definition of an employer under § 20-601(d)(1). Rivero's claim against Defendant Medbros may proceed, but her claims against Defendants Dionicia and Angel will be dimissed.

### ORDER

Accordingly, it is this 13th day of January, 2016, hereby ORDERED that Defendants' motion to dismiss, ECF No. 66, is GRANTED IN PART and DENIED IN PART. The Clerk shall dismiss this case against Defendants Dionicia Medrano and Angel Medrano.

So ordered.

                                        /S/
                                 Paul W. Grimm
                                 United States District Judge

dpb